NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

NOV 15 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CHARLES DOGAN, JR.,          )
                             )
     Petitioner,             )  Civil Action No. 05-CV-256-JMH
                             )
                             )
v.                           )
                             )  **MEMORANDUM OPINION and ORDER**
                             )
JOE BOOKER, WARDEN,          )
                             )
                             )
     Respondent.             )

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the petitioner's construed motion for the Court to review and reinstate the instant cause of action, brought pursuant to 28 U.S.C. §2241. Record No. 8.

BACKGROUND

On June 22, 2005, the Clerk of the Court received and filed Mr. Dogan's *pro se* petition for writ of habeas corpus. The would-be petitioner did not, however, pay the $5.00 district court filing fee. Although he later filed a motion to proceed *in forma pauperis*, on August 29, 2005, the Court denied the motion and granted him 30 days in which to pay the fee or be dismissed.

When the Court docket showed no response from the petitioner within the allotted time, the Court dismissed his action and entered judgment against him on October 17, 2005 [Record Nos. 6-7]. The petitioner immediately wrote a letter to the Clerk of the

Court, with an attached receipt showing timely payment of the filing fee. He asks that this action be reinstated and that his petition be permitted to go forward on the merits.

The Clerk has now corrected the docket to reflect the petitioner's timely payment of the fee, and this Court will grant the request in the letter, as a construed motion. Accordingly, the matter is now ready for the Court's screening. 28 U.S.C. §2243.[1] For the reasons to be discussed below, the petition will be denied.

## ALLEGATIONS AND CLAIMS

The petitioner states that he pled guilty to 6 counts of violating 21 U.S.C. §841(a)(1), involving cocaine base, and on April 8, 1997, he was sentenced to 288 months' imprisonment, plus a consecutive 24-month term of imprisonment and a 5-year term of supervised release.

In the instant petition, Mr. Dogan challenges those convictions and the sentences on several grounds, claiming violations of his rights under the Fifth, Sixth and Fourteenth Amendments; a U.S. treaty; and recent U.S. Supreme Court case law. The petitioner claims that this Court should grant him relief from his convictions under its §2241 jurisdiction, because his remedy by a §2255 motion to the trial court is "inadequate and ineffective;" the "savings clause" so permits; and "28 U.S.C. 2241 is alway

---

[1] *See also Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)

2

(*sic*) available to address claims of actual or legal innocence, or to correct a miscarriage of justice." He includes a memorandum with abundant case citations purportedly in support of his claims, including *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and asks that the Court vacate his convictions pursuant thereto.

## DISCUSSION

Petitioner Dogan cites some relevant law. He is not, however, is entitled to habeas relief under said law.

First, as *Charles v. Chandler* makes clear, the remedy available to the petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The instant petitioner has failed to carry this burden. He does not even allege that he tried to raise his current claims in a §2255 motion or sought permission to file a successive motion from the appellate court.

Because the petitioner fails to meet the first requirement, it is not necessary to examine the second component. Nonetheless, in its screening, the Court has also found that he does not establish a second necessary component to warrant relief under §2241, *i.e.*, that his claim is one of "actual innocence." *See Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

3

Although the §2241 petitioner herein asserts a claim of "actual innocence," his allegations do not contain any factual support for this allegation. He makes no case for being actually innocent of the drug crimes of which he was convicted. "To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

It is clear that case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence). At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant Petitioner "is innocent . . . only in the technical sense." *Id.* at 609.

This Court may not consider the petitioner's claims on the merits because of his failure to show, as a threshold matter, that (1) he has been barred from filing a §2255 motion to raise an actual innocence claim; *and* (2) he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted.

4

Therefore, the instant petition must be denied and the cause dismissed.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Petitioner Dogan's construed motion [Record No. 8] for reinstatement and reconsideration of the petition herein is **GRANTED**, and the Court's Orders of October 17, 2005 [Record Nos. 6-7] are **SET ASIDE**.

(2) Dogan's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is **DENIED.**

(3) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 14th day of November, 2005.

*Joseph M. Hood*
Joseph M. Hood, Chief Judge

5